# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY McNEARY, individually, ) <br> and as Administrator of the Estate of ) <br> Thomas Leewalter McNeary, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOE ALLBAUGH, in his individual and ) <br> official capacities, ) <br> CARL BEAR, in his individual and ) <br> official capacities, ) <br> JANNA MORGAN, PH.D., in her individual ) <br> and official capacities, ) <br> OKLAHOMA DEPARTMENT OF ) <br> CORRECTIONS QUALIFIED MENTAL ) <br> HEALTH PROFESSIONALS ) <br> JOHN DOES #1–4, individually, ) <br> OKLAHOMA DEPARTMENT OF ) <br> CORRECTIONS OFFICERS ) <br> JOHN DOES #5–9, individually, and ) <br> CASE MANAGER JOHN DOE #10, ) <br> individually, ) <br> ) <br> Defendants. ) | Case No. CIV-19-239-D |

## **ORDER**

The Court entered an order on July 17, 2020, extending Plaintiff's deadline to effect service on the John Doe Defendants to September 15, 2020 [Doc. No. 30]. On December 14, 2020, the Court directed Plaintiff to show cause as to why the action should not be dismissed without prejudice for failure to effect service of process within ninety days after filing the Second Amended Complaint. [Doc. No. 31]. The Court advised Plaintiff that absent a showing of good cause the action may be dismissed without prejudice and without

notice to Plaintiff. *Id*. To date, no proof of service has been filed, and no further action has been taken by Plaintiff.

Plaintiff is required to serve each defendant with a summons and a copy of the Second Amended Complaint. *See* FED. R. CIV. P. 4(c)(1). If service is not made within ninety days after filing of the Second Amended Complaint, the Court may dismiss the action against any unserved defendant without prejudice. FED. R. CIV. P. 4(m). Here, fourteen months have elapsed since Plaintiff filed her Second Amended Complaint adding ten John Does as defendants in this action, and service upon them has not been completed. Thus, Plaintiff's failure to complete proper service on the John Does within the time limits prescribed by Rule 4(m) is grounds for dismissal of her claims against them in the absence of a justification for the failure. *Jones v. Frank*, 973 F.2d 872, 873–74 (10th Cir. 1992).

The preliminary inquiry under Rule 4(m) is to determine whether Plaintiff has shown good cause for her failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff offers no explanation for why service has not been made on the John Does in the instant action, nor has Plaintiff informed the Court of any effort she has made to discover the names of the John Does since the Court granted Plaintiff an extension in July 2020. Accordingly, Plaintiff has not shown good cause for her failure to serve the John Does. Nevertheless, the Court must still consider whether a permissive extension of time to serve is warranted in light of several factors. *Id.* at 841–42.

Specifically, the Tenth Circuit has noted that a permissive extension may be warranted "if the applicable statute of limitations would bar the refiled action," or where

"policy considerations might weigh in favor of granting a permissive extension of time . . . ." *Id.* at 842; *see also* FED. R. CIV. P. 4(m) advisory committee's note (1993). The statute of limitations governing Plaintiff's § 1983 cause of action is two years. *Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir. 1988). More than three years have elapsed since Mr. McNeary's suicide; therefore, if the case against the John Does is dismissed without prejudice, Plaintiff's claims could be barred by the applicable statute of limitations. This factor alone does not support a finding of good cause for a failure to effect timely service. *See, e.g., May v. Okla. Dep't of Corr.*, No. 99-6267, 2000 WL 633244, at *2 (10th Cir. May 17, 2000).

In the fourteen months since the Second Amended Complaint was filed, the record does not reflect that Plaintiff has taken any steps to identify and serve the John Does.[1] Further, Oklahoma's savings statute may provide Plaintiff with an additional period of time to bring an action against the John Does if Plaintiff's claims against them are dismissed pursuant to Rule 4(m). *See* OKLA. STAT. tit. 12, § 100; *see also Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (noting that OKLA. STAT. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); *Williams v. City of Guthrie*, 109 F. App'x 283, 286 (10th Cir. Sept. 8, 2004) (unpublished)[2] (applying Oklahoma's savings statute to

---

[1] Although Plaintiff filed a Motion to Conduct Limited Discovery [Doc. No. 26] in January 2020, that motion was denied, and there have been no other efforts noted by Plaintiff to identify and serve the John Does.

[2] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10th CIR. R. 32.1.

a § 1983 claim filed in federal court). Therefore, this factor counsels toward dismissal.

Further, the record does not contain evidence suggesting evasion of service of process by the John Does, nor does there appear to be any policy consideration that warrants granting Plaintiff an extension of time. Accordingly, Plaintiff's claims against the John Does are dismissed without prejudice pursuant to FED. R. CIV. P. 4(m). This Order resolves this action; thus, a separate judgment will follow.

**IT IS SO ORDERED** this 15th day of January 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge